## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MOTOROLA, INC. | ) | Civil Action No. |
| | ) | 1:08-cv-104-SLR |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RESEARCH IN MOTION LIMITED | ) | |
| RESEARCH IN MOTION CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANT RESEARCH IN MOTION'S REPLY
### IN SUPPORT OF ITS MOTION TO TRANSFER VENUE

Dated: May 20, 2008

Patricia Smink Rogowski (#2632)
**CONNOLLY BOVE LODGE & HUTZ LLP**
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
(302) 658-9141
progowski@cblh.com
*Attorneys for Defendants*

**OF COUNSEL**
William F. Lee
Dominic E. Massa
Michelle D. Miller
**Wilmer Cutler Pickering Hale & Dorr LLP**
60 State Street
Boston, MA 02109
(617) 526-6000

US1DOCS 6683286v1

**TABLE OF CONTENTS**

I. SUMMARY OF ARGUMENT ................................................................................................1

II. ARGUMENT ..........................................................................................................................3

    A. TRANSFER TO THE NORTHERN DISTRICT OF TEXAS IS REQUIRED TO AVOID DUPLICATIVE AND PIECEMEAL LITIGATION CONCERNING THE SAME PATENTS.................................................3

    B. TRANSFER TO THE NORTHERN DISTRICT OF TEXAS WILL PROMOTE "THE CONVENIENCE OF THE PARTIES AND THE WITNESSES, AND THE INTERESTS OF JUSTICE" ..................................7

        *(i) Transfer To The Northern District of Texas Would Promote The Practical Considerations of "Ease, Speed, or Expense" of Trial.*......................................................8

        *(ii) The Local Interest in Adjudicating Local Disputes Favors Transfer to the Northern District of Texas.* ..................................................................................................................8

III. CONCLUSION ....................................................................................................................10

US1DOCS 6683286v1

## TABLE OF AUTHORITIES

*Bank of America v. S.I.P. Assets LLC,* C.A. No. 07-159 GMS,
   2007 WL 2698192 (D.Del. Sept. 11, 2007)..........................................................................4

*Cashedge, Inc. v. Yodlee, Inc.*, C.A. No. 06-170,
   2006 WL 2038504 (D.Del. July 19, 2006)..........................................................................4

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3rd Cir. 1995) ........................................................7

*Mentor Graphics Corp. v. Quickturn Design Sys., Inc.,* 77 F. Supp. 2d 505 (D.Del. 1999) ..........9

*Micron Technology, inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897 (Fed. Cir. 2008)................3

*Nilssen v. Osram Sylvania, Inc.,* C.A. No. 00-695-JJF,
   2001 WL 34368395 (D.Del. May 1, 2001) ........................................................................8

*Virgin Wireless, Inc. v. Virgin Enterprises Ltd.*, 201 F. Supp. 2d 294 (D.Del. 2002)....................7

I. **SUMMARY OF ARGUMENT**

Motorola's novel "conditional" opposition to RIM's motion to transfer Motorola's declaratory judgment claims relies upon a faulty premise and should be rejected. In the interests of judicial economy, efficiency, and justice, and for the convenience of the parties and witnesses, the present action should be transferred to the Northern District of Texas.

Motorola argues that if it defeats RIM's motion to transfer Motorola's patent claims from the Eastern District of Texas to the Northern District of Texas, then it will withdraw its opposition to RIM's present motion to transfer Motorola's declaratory judgment claims. (Moto. Opp. at 1 – D.I. 21.) As an initial matter, RIM agrees that if the Eastern District of Texas credits Motorola's argument that a patent owner's choice of forum cannot be outweighed by the interests of judicial economy, efficiency, and justice, and by the convenience of the parties and witnesses as described in RIM's briefing, then Motorola cannot maintain its opposition to RIM's motion to transfer this action to RIM's chosen forum in the Northern District of Texas.

The other half of Motorola's "conditional" opposition, however, turns logic upon its head. Motorola further contends that if RIM's motion to transfer Motorola's Eastern District of Texas action is successful, then "fairness" somehow dictates that Motorola's declaratory judgment claims should proceed in this District. (Moto. Opp. at 8.) But RIM seeks transfer of the present action on the same grounds as it seeks transfer of Motorola's Eastern District of Texas action – in the interests of judicial economy, efficiency, and justice, and the convenience of the parties and witnesses. If RIM prevails on these arguments in the Eastern District of Texas, and that court finds the Northern District of Texas to be the more convenient forum for the adjudication of the parties' dispute, then those same arguments would apply with equal or greater force here – warranting the transfer of this action to the Northern District of Texas as well. Thus,

- 2 -

regardless of whether Motorola's patent infringement claims proceed in the Eastern District of Texas, Motorola's present declaratory judgment claims should be transferred to the Northern District of Texas, where RIM's comprehensive action is pending. This Court, therefore, need not hold RIM's motion in abeyance, but should transfer this action to the Northern District of Texas.

Motorola's Opposition to RIM's Motion To Transfer Venue does not refute the fact that all of the parties' claims against each other are related aspects of a single dispute. Although Motorola would prefer to splinter this single dispute into three separate actions in three separate jurisdictions, these claims arise from the same underlying licensing dispute, and in the interests of judicial economy, efficiency, and convenience, should proceed together. Motorola cannot deny that all of the parties' present claims arise from a common set of facts regarding the parties' failure to negotiate an extension of their 2003 Cross License Agreement. Indeed, if the parties had reached an agreement upon the terms of a license extension, none of the present claims would have been brought. Thus, far from being "totally separate and independent" (Moto. Opp. at 3), the parties' claims are inextricably bound together. Similarly, the separate resolution of any one of the parties' claims is unlikely to result in the resolution of their entire dispute.

Not only do the parties' claims arise out of the same licensing dispute, the claims involve substantially overlapping technologies, closely related issues, and discovery concerning the same RIM and Motorola devices, and licensing programs. It would be grossly inefficient to litigate these claims in multiple courts. Judicial economy and efficiency can best be served by litigating these related claims together in a single forum – and only RIM's comprehensive action in the Northern District of Texas encompasses the entirety of the parties' dispute.

Motorola ignores the substantial overlap between the parties' claims and repeatedly raises the specter of an "unmanageable" "Gordian knot" of a trial if this Court grants a transfer to the

Northern District of Texas.  (Moto. Opp. at 11).  But Motorola's arguments are all premised on a straw man.  There is simply no requirement that the court in the Northern District of Texas try all of the parties' claims at once in a single trial.  To the contrary, if the court in the Northern District of Texas determines that a single trial would be unwieldy, it can maintain the parties' claims in a consolidated action for discovery and pre-trial purposes, but can phase or segregate the claims for trial.

## II.    ARGUMENT

### A.    Transfer To The Northern District of Texas Is Required To Avoid Duplicative And Piecemeal Litigation Concerning The Same Patents.

Transfer of the present action to the Northern District of Texas is necessary to avoid duplicative and piecemeal litigation between the same parties, and to avoid the waste of public and private resources.  As the United States Court of Appeals for the Federal Circuit recently discussed in *Micron Technology, Inc. v. Mosaid Technologies, Inc.*, "the trial court weighing jurisdiction additionally must consider the real underlying dispute:  the convenience and suitability of competing forums." 518 F.3d 897, 902 (Fed. Cir. 2008).

Only RIM's Northern District of Texas action encompasses the entire dispute between the parties.  In contrast, Motorola purposefully chose to raise only a limited portion of the parties' dispute in the present action.  Moreover, the parties and their dispute have actual, tangible connections to the Northern District of Texas, whereas the parties and their disputes have no connections to the District of Delaware.  Maintaining the present action in this District would result in piecemeal, duplicative litigation, that would risk having inconsistent *Markman* constructions for the same patents and inconsistent judgments in multiple jurisdictions in actions between the same parties.

Although Motorola now accuses RIM of creating "a unmanageable aggregation of three separate and independent lawsuits" in Northern District of Texas (Moto. Opp. at 11), Motorola previously represented in the Northern District that there is "considerable overlap" between the parties' claims. *See* Motorola's Notice of Related Case and Motion to Consolidate, at 2, No. 08-CV-0284-G (filed Mar. 4, 2008). As Motorola's earlier statement reflects, the parties are involved in a single licensing dispute which manifests itself in a variety of patent, contract, and antitrust claims. These claims are closely related and should be resolved in one forum in the interest of justice and to avoid the waste of judicial resources. *See, e.g., Bank of America v. S.I.P. Assets LLC,* C.A. No. 07-159 GMS, 2007 WL 2698192, *3 (D.Del. Sept. 11, 2007); RIM Opening Brief at 10-11.

Motorola argues that the actions it previously characterized as having "considerable overlap" should not be adjudicated in the same jurisdiction because they involve different aspects of wireless communication. (Moto. Opp. at 12). This Court, however, has transferred patent cases where related, but not identical patents are being litigated between the parties in another forum. *See, e.g., Cashedge, Inc. v. Yodlee, Inc.*, No. Civ. A. 06-170, 2006 WL 2038504, *2 (D.Del. July 19, 2006) (transferring patent case because "same parties, similar technologies, and related patents" were at issue in another forum).

Motorola's and RIM's claims involve closely related questions and subject matter, and substantially overlapping core issues. For example, both parties' patent infringement claims, as well as RIM's contract and antitrust claims, involve the same RIM and Motorola devices. *See* Declaration of Randall W. Mishler, Esq. ("Mishler Decl.") at ¶ 3. RIM's BlackBerry® devices have been accused of infringing Motorola's patents – and are relevant to RIM's claim for patent damages. *Id.*, ¶¶ 4-5. Conversely, Motorola's Q and Q9 devices have been accused of infringing

- 4 -

RIM's patents – and are relevant to Motorola's damages claim. *Id.* The parties' BlackBerry®, Q, and Q9 devices are also at the center of RIM's contract and antitrust claims. *Id.*, ¶ 5.

The parties' claims also will involve overlapping competition and market issues. Competition between RIM and Motorola for mobile wireless data products will be relevant to assessing damages for all of the claims, including Motorola's patent claims. Discovery regarding the parties' licenses and licensing programs will also substantially overlap. Motorola's licensing program is at the center of the contract and antitrust claims and both parties' licenses will be relevant to assessing patent damages. The same documents and many of the same witnesses accordingly will be relevant to all of the parties' claims. Mishler Decl., ¶¶ 6-7.

Motorola's repeated dire warnings of an "unmanageable" action in the Northern District of Texas are all premised on the straw man argument that the Northern District would be required to try all of the parties' claims at once in a single trial. If the court in the Northern District of Texas determines that a single trial would be unwieldy, it can use scheduling orders and other tools available for the management of complex litigation to phase or segregate the claims for trial, but maintain the parties' claims in a consolidated action to gain efficiencies in pre-trial discovery. Motorola's hyperbolic characterizations of RIM's Northern District of Texas action as an "unmanageable" "complex patchwork" and "Gordian knot" and its professed goal of "de-coupling" its claims to avoid complicating trial do not ring true.[1] If Motorola had wanted to reduce the complexity of any trial on its affirmative and declaratory judgment claims, it could have simply filed two separate suits in this District (or in the Eastern District of Texas), or it

---

[1] Although Motorola alleges that the combination of patent, contract, and antitrust claims in RIM's Northern District of Texas action will be "unmanageable," it should be noted that the Northern District of Texas has developed considerable experience with such cases. In fact, Judge Lynn has overseen two highly visible and significant cases implicating FRAND/RAND royalty issues in cases involving patent claims based on GSM cellular communication patents. *See Ericsson Radio Sys., Inc. v. Interdigital Commc'ns Corp.*, No. 93-CV-1809 (N.D. Tex. filed Sept. 9, 1993); *see also Harris Corp. v. Ericsson, Inc.*, No. 98-CV-2903 (N.D. Tex. filed Dec. 10, 1998).

could have requested the phasing of any claims it brought in a single suit. Instead, Motorola chose to bring only its declaratory judgment claims in this District – where it is the defendant in interest – and it chose to bring only its affirmative patent claims in the Eastern District of Texas. Motorola's gamesmanship belies its arguments that it is concerned with the complexity of RIM's comprehensive action and that this District is the most suitable forum to resolve Motorola's declaratory judgment claims. Rather, Motorola's actions reveal that its choice of forum is based on whether it is a plaintiff or defendant in interest. For these reasons, Motorola's choice of this forum should be afforded little or no weight at all.

Motorola's further argument that it should be given credit for being the first-filed action between the parties must fail as well. RIM and Motorola each completed the filing of their complaints at 12:01 a.m. local time in the respective locations of their filings – Motorola in this District and RIM in the Northern District of Texas. Under such circumstances, Motorola cannot be considered the first to file. The determination of the proper forum for a dispute cannot turn upon whether a party, such as Motorola, files its complaint one hour before its opponent merely by virtue of making its filing in a district court in an earlier time zone. To hold otherwise would allow for express gamesmanship by litigants seeking to gain first-to-file status by filing in a district court in an earlier time zone regardless of whether the parties or their dispute have any connection with that district.[2]

Motorola apparently recognizes the weakness of its first-to-file argument, making it only "contingent" upon losing RIM's motion to transfer Motorola's Eastern District of Texas action.

---

[2]    Indeed, if the Court were to consider Motorola's time-zone argument at all (which it should not), the Court should further consider that the Standstill Agreement between the parties, prohibiting the commencement of any action before the end of the day on February 15, 2008, was entered into by Motorola in Schaumburg, Illinois – in the Central time zone – making Motorola's filing in this District, at 11:01 p.m. Central on February 15, a breach of that Agreement. *See,* Rivers Decl.. 16, Ex. A [Standstill Agreement], filed March 31, 2008 (D.I. 16). Thus, Motorola cannot claim that it "beat RIM to the courthouse" by one hour without also admitting that it violated the Standstill Agreement by that same hour.

(Moto. Opp. at 5.)  But Motorola's contention that if RIM's motion to transfer Motorola's Eastern District of Texas action is successful, then "fairness" requires that Motorola be granted first-to-file status in the present action, simply does not follow.  As discussed above, RIM seeks transfer of the present action and in the Eastern District of Texas in the interests of judicial economy, efficiency, and justice, and the convenience of the parties and witnesses – not simply on first-to-file status.  If the Eastern District of Texas finds the Northern District of Texas to be the more convenient forum, then RIM's arguments would apply with equal or greater force here and would warrant the transfer of this action to the Northern District of Texas, not the maintenance of the present action in this District.  *See Virgin Wireless, Inc. v. Virgin Enterprises Ltd.*, 201 F. Supp. 2d 294, 301 (D.Del. 2002) (despite Delaware action's "first filed" status, transferring trademark license action where it would be a "waste of judicial resources" for suits "predicated on the same transactions and occurrences" to "progress in parallel".)  Thus, even if the Court considered Motorola's "contingent" first-to-file argument, it should transfer this action to the Northern District of Texas.

### B. Transfer To The Northern District Of Texas Will Promote "The Convenience of the Parties and the Witnesses, And The Interests Of Justice"

A weighing of the "private and public interests" set forth in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3rd Cir. 1995), demonstrates that transfer of this action to the Northern District of Texas is warranted "[f]or the convenience of the parties and witnesses [and] in the interest of justice."  As discussed above, transfer is required to avoid the waste of public and private resources that would result from duplicative and piecemeal litigation between the same parties in as many as three separate jurisdictions.  As further discussed below, only RIM's comprehensive action in the Northern District of Texas encompasses the entirety of the parties' dispute.  Furthermore, Motorola's choice to split its offensive and defensive patent claims

- 7 -

between this District and the Eastern District of Texas warrants affording its choice of forum little or no weight.

### *(i)    Transfer To The Northern District of Texas Would Promote The Practical Considerations of "Ease, Speed, or Expense" of Trial.*

It is indisputable that litigating the parties' disputes in *three* separate courts cannot be easier, faster, or less expensive than litigating all issues in the Northern District of Texas — where all issues already have been raised, and where both RIM and Motorola have established bases of operation. Mishler Decl., ¶¶ 8-13. By litigating the patents at issue in both this action and the Northern District of Texas before a single court, both parties would significantly lower their costs and this Court could avoid expending its limited judicial resources on a matter already fully being litigated elsewhere. *See Nilssen v. Osram Sylvania, Inc.*, C.A. No. 00-695-JJF, 2001 WL 34368395, * 4 (D.Del. May 1, 2001) (transferring case for "practical considerations" of "ease, speed, and expense" where related case already pending in other jurisdiction).

### *(ii)    The Local Interest in Adjudicating Local Disputes Favors Transfer to the Northern District of Texas.*

The Northern District of Texas has a substantial local interest in adjudicating the dispute between the parties, given that the dispute between RIM and Motorola arose during licensing negotiations in the Northern District of Texas and that both parties have major business centers in the Northern District of Texas. Mishler Decl., ¶¶ 8-14. In contrast, the parties' disputes are not tangibly connected to this District. *Id.*, ¶¶ 15.

Contrary to Motorola's characterization of RIM's Northern District contacts as insignificant, RIM Corporation maintains its headquarters in Irving, Texas, at which it employs approximately 230 employees. Mishler Decl., ¶¶ 1, 8-9. RIM's Irving facility includes substantially all of RIM's U.S.-based licensing and standards employees. *Id.*, ¶ 11. These employees, and their documents, will be central to the damages issues raised by Motorola's

patent claims. *Id*. RIM's Irving employees also perform a variety of other functions, including development and recruiting, mechanical engineering, IT, hardware engineering, software development, manufacturing, and customer service. *Id*., ¶ 9. Further, RIM's BlackBerry® devices are configured, packaged, and distributed from a facility in Carrollton, Texas, located in the Northern District of Texas, which has shipped over 10 million units. *Id.*, ¶ 10.

Motorola also has significant operations in the Northern District of Texas. Motorola employs over 1,000 people in Fort Worth, Texas, where it manufactures semiconductors and communication devices. Mishler Decl., ¶ 13. In fact, it appears that Motorola's North American center for assembling, packaging, and distributing cell phones is based in Fort Worth. *Id.*, ¶ 14. A recent regulatory filing on Motorola's behalf indicates that Motorola utilizes facilities for cell phone processing in Fort Worth that employ, between Motorola's employees and those of affiliates and third-party contractors, 3,800 people and are capable of processing up to 50 to 60 million cellular telephones annually. *Id.*, ¶ 13. Motorola claims in its Opposition that there are "only a few" Motorola employees in the business unit allegedly "most pertinent" to this lawsuit (Moto. Opp. at 19), but this characterization plainly understates the full extent of Motorola's cellular phone operations in the Northern District of Texas.

Motorola attempts to brush these significant facts aside by noting that RIM and Motorola are both large companies with operations spanning the world. (Moto. Opp. at 19.) All that is true, but there remains no good reason to maintain venue in a district with which the parties have no connections and to resist transfer to a venue where each of the parties is present.

Motorola places great emphasis on the fact that Motorola and RIM Corporation are incorporated in Delaware, but that fact is not a dispositive factor – "indeed, it is not mentioned in § 1404, nor is it among the eleven factors identified by the Third Circuit Court of Appeals in

- 9 -

*Jumara*." *Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 77 F. Supp. 2d 505, 509, n. 6 (D.Del. 1999). In this action, the true dispute arose in the Northern District of Texas, and that district has the greater interest in determining all of the relevant issues.

### III.  CONCLUSION

For the foregoing reasons, RIM respectfully requests that the Court transfer this case to the United States District Court for the Northern District of Texas.

Respectfully submitted,

Dated:  May 20, 2008           /s/ Patricia Smink Rogowski
                               Patricia Smink Rogowski (#2632)
                               **CONNOLLY BOVE LODGE & HUTZ LLP**
                               1007 N. Orange Street
                               P.O. Box 2207
                               Wilmington, Delaware 19899-2207
                               (302) 658-9141
                               progowski@cblh.com
                               *Attorneys for Defendants*

**OF COUNSEL**
William F. Lee
Michelle D. Miller
Dominic E. Massa
**Wilmer Cutler Pickering Hale & Dorr LLP**
60 State Street
Boston, MA  02109
(617) 526-6000

## CERTIFICATE OF SERVICE

I, Patricia Smink Rogowski, hereby certify that on this 20th day of May, 2008, I electronically filed **DEFENDANT RESEARCH IN MOTION'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE** with the Court Clerk using CM/ECF which will send notification of such filing(s) to:

Josy W. Ingersoll (No. 1088)
Elena C. Norman (No. 4780)
Monté T. Squire (No. 4764)

I hereby further certify that on this 20th day of May, 2008, I have served this document on the attorneys of record at the following addresses as indicated:

**VIA E-Mail**
Jesse J. Jenner
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
*jesse.jenner@ropesgray.com*

Norman H. Beamer
ROPES & GRAY LLP
525 University Avenue
Palo Alto, CA 94301
Telephone: (650) 617-4000
*norman.beamer@ropesgray.com*

Nicole M. Jantzi
ROPES & GRAY LLP
700 12th Street, NW, Suite 900
Washington, DC 20005
Telephone: (202) 508-4600
*nicole.jantzi@ropesgray.com*

　　　　　　　　　　　　　　　　　　  /s/ Patricia Smink Rogowski
　　　　　　　　　　　　　　　　　Patricia Smink Rogowski (Bar ID No. 2632)
　　　　　　　　　　　　　　　　　progowski@cblh.com