IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOTOROLA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-104-SLR |
| | ) |
| RESEARCH IN MOTION LIMITED | ) |
| and RESEARCH IN MOTION | ) |
| CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 26th day of August, 2008, having reviewed defendants' motion to transfer venue of the above captioned case to the United States District Court for the Northern District of Texas, and the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 15) is granted, for the reasons that follow:

1. **Standard of review.** Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interests of justice. Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp. 2d 192, 208 (D. Del. 1998).

2. The burden of establishing the need to transfer rests with the movant "to

establish that the balance of convenience of the parties and witnesses strongly favors the defendants." Bergman v. Brainin, 512 F. Supp. 972, 973 (D. Del. 1981) (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970)). "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail." ADE Corp. v. KLA-Tencor Corp., 138 F. Supp. 2d 565, 567-68 (D. Del. 2001); Shutte, 431 F.2d at 25. The deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason. C.R. Bard, Inc. v. Guidant Corp., 997 F. Supp. 556, 562 (D. Del. 1998); Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc., No. Civ. A. 01-199, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001); Continental Cas. Co. v. American Home Assurance Co., 61 F. Supp. 2d 128, 131 (D. Del. 1999). Although transfer of an action is usually considered as less inconvenient to a plaintiff if the plaintiff has not chosen its "'home turf' or a forum where the alleged wrongful activity occurred, the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer." In re M.L.-Lee Acquisition Fund II, L.P., 816 F. Supp. 973, 976 (D. Del. 1993).

3. The Third Circuit Court of Appeals has indicated that the analysis for transfer is very broad. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Although emphasizing that "there is no definitive formula or list of factors to consider," id., the Court has identified potential factors it characterized as either private or public interests. The private interests include: "(1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and

financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." Id. (citations omitted). The public interests include: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." Id. (citations omitted).

    4. **Background.** The parties to this litigation, competitors in the very lucrative market of wireless communications, failed to extend the terms of a cross license agreement ("the Agreement")[1] that expired on February 15, 2008. In response to their failed negotiations: (a) plaintiff filed the instant litigation seeking a declaratory judgment that nine patents owned by defendants are invalid and not infringed by plaintiff; (b) plaintiff commenced a patent infringement action against defendants in the Eastern District of Texas, asserting that some 23 of defendants' products infringe some eleven of plaintiff's patents; and (c) defendants commenced an action against plaintiff in the Northern District of Texas alleging infringement by plaintiff of the same nine patents at issue in this court, seeking a declaratory judgment that their products do not infringe the same eleven patents at issue in the Eastern District of Texas litigation, and asserting an

---

[1] Through the Agreement, plaintiff granted to defendants a non-exclusive license to practice some 76 patents that plaintiff claimed were essential to certain wireless communications standards.

antitrust claim and related contract claims based on the 76 patents at issue in the now-expired Agreement. Perhaps not surprisingly in this golden age of electronic communications, all three lawsuits were filed within hours of each other on February 16, 2008. Apparently, there are motions to transfer venue pending decision in all of the courts.

5. **Analysis.** The parties at bar are industry giants in the business of communicating information wirelessly. There is no true inconvenience to the parties, no matter where they litigate. Rather than focus on the hardship to the parties, therefore, I address in this decision the hardship to the courts involved and the scarcity of judicial resources vis a vis the parties. Given that this court has far fewer resources than any of the other courts implicated by this litigation,[2] and given that the parties at bar have brought to the judicial system the same competitive impetus they use in the market without regard to the costs associated therewith, there is no sound reason to maintain any part of this dispute in this court.

6. **Conclusion.** For the reasons stated above, I conclude that transferring this case to the Northern District of Texas is appropriate.

_____
United States District Judge

---

[2]This court has three out of four active district judges and two magistrate judges. The Eastern District of Texas has eight active district judges and seven magistrate judges. The Northern District of Texas has twelve active district judges, four senior judges, and eight magistrate judges.